UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN HARRISON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SALINAS, et al.,<br><br>        Defendants. | Case No. 23-cv-00903-JD<br><br>**ORDER RE LEAVE TO AMEND AND DISCOVERY** |

Pro se plaintiff Alvin Harrison asks for leave to file an amended complaint, Dkt. No. 40, which the government defendants oppose, Dkt. No. 43. The proposed complaint is a sprawling attack on a prior arrest and prosecution in state court. *See* Dkt. No. 40, Exh. 1. The request is suitable for submission without oral argument. Civ. L.R. 7-1(b). Amendment is untimely and not supported by "good cause," Fed. R. Civ. P. 16(b)(4), and would be prejudicial and futile. Consequently, leave is denied. The motion to extend the fact discovery cut-off, Dkt. No. 42, which Harrison describes as "a follow up to [his] Motion for Leave to File First Amended Complaint," *id*. at 3, is denied as moot.

**BACKGROUND**

On September 5, 2021, Harrison had a fight with a security guard at a casino in Salinas, CA, and "was asked to leave the premises." Dkt. No. 1 ¶ 15. *See also* Dkt. No. 40, Exh. 001A ("Affidavit of Fact") ¶¶ 6-9. He was arrested by City of Salinas police officers, Dkt. No. 1 ¶ 16, and charged with resisting arrest and disturbing the peace under California Penal Code sections 148(a)(1) and 415(2), to which he pleaded no contest. Dkt. No. 43-1 (Dodd Decl.) ¶ 3. The state

1    court judge sentenced him to 30 days in jail and one year of probation. Dkt. No. 40, Exh. 1
2    (proposed FAC) ¶ 50 (ECF p. 86).

3          An attorney subsequently filed on Harrison's behalf this civil rights action, which alleges
4    use of excessive force during the arrest, against defendants City of Salinas and officers Victor
5    Cortina, Jose Luis Fletes, Kurt Han, Steven Villaneda, Michael Rivera, and Does 1-50. Dkt.
6    No. 1. The complaint presents five causes of action: violation of the Fourth and Fourteenth
7    Amendments, pursuant to 42 U.S.C. § 1983; violation of the Bane Act, Cal. Civ. Code § 52.1;
8    assault and battery; intentional infliction of emotional distress; and negligence. *See id*.

9          The Court held an initial case management conference on August 24, 2023, Dkt. No. 29,
10   and issued a case schedule setting a deadline of September 29, 2023, to add parties or amend
11   pleadings. Dkt. No. 30. The parties jointly stated in the case management statement that they did
12   "not anticipate any amendments to the pleadings." Dkt. No. 25 at 5.

13         In October 2023, Harrison's attorneys asked to withdraw, citing sections 3-700(C)(1)(a)
14   and (d) of the California Code of Professional Conduct. Dkt. No. 30. Withdrawal was granted on
15   the condition that the attorneys continue to advise Harrison of case filings for two months. Dkt.
16   No. 31. Harrison elected to proceed pro se. Dkt. No. 34.

17         Well after the deadline to amend, Harrison now proposes to file a massively different
18   complaint. Among other changes, he asks to add three new City of Salinas officials, who are said
19   to have of deprived Harrison of his constitutional rights by prosecuting him and "concealing the
20   fact that the [state] court is not an Article III Court and has not been duly established, ordained, or
21   authorized with judicial power and authority as mandated by the U.S. Constitution and an act of
22   Congress." Dkt. No. 40, Exh. 1 ¶ 52 (ECF p. 86).

23         Harrison also seeks to add 33 new causes of action. *See id*. at ECF pp. 135-208. To the
24   extent they are intelligible, they appear to concern purported jurisdictional defects in the state
25   criminal proceedings and an alleged cover-up. Only five of the proposed new causes of action
26   reference the arrest itself: the 24th and 25th causes of action, which assert that Harrison was
27   arrested without probable cause; the 30th cause of action for failure to intervene; the 32nd cause of
28   action for municipal liability; and the 36th cause of action for "cruel and unusual punishment."

**DISCUSSION**

Harrison's request is governed by Federal Rule of Civil Procedure 16(b)(4), and not the more permissive standards of Rule 15, as Harrison suggests. That is because the Court set a deadline to amend in a scheduling order that has long passed. "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (quoting Fed. R. Civ. P. 16(b)(4)). *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (citations omitted). "If that party was not diligent, the inquiry should end." *Id*. "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (internal citation and quotation marks omitted).

To be sure, Harrison gets some leeway as a pro se litigant. Even so, nothing in the record warrants the massive overhaul of his case at this late date. Harrison says he has "updated information and developments in this case," Dkt. No. 40 at 4, but never actually identified what those may be. In addition, the proposed complaint indicates that the 33 new causes of action relate to events Harrison personally experienced years ago. Why he did not raise these claims earlier is not explained. These circumstances do not demonstrate a degree of diligence sufficient to warrant amendment. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737; *Johnson*, 975 F.2d at 609; *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (unpublished).

A strong likelihood of prejudice also weighs against leave to amend. Harrison asks to hugely expand this case with new parties and claims on the eve of a discovery cut-off on March 22, 2024. Adding a host of new defendants and claims would effectively wipe the slate of

discovery clean, unfairly burdening the defendants and prolonging the litigation. Even the proposed new theories for Section 1983 liability based on the original excessive force allegations would require discovery of a different scope and different kind.

For the handful of even arguably related claims, amendment also would be futile. Section 1983 may not be used to collaterally attack a conviction that has not been reversed, vacated, expunged, or otherwise called into question by post-conviction proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Stanley v. Kidd*, No. 23-cv-00798-JD, 2023 WL 5211624, at *2 (N.D. Cal. Aug. 14, 2023). The record indicates that *Heck* bars almost all the proposed new causes of action, which challenge the legality of Harrison's arrest and the subsequent criminal proceedings.

**IT IS SO ORDERED.**

Dated: March 7, 2024

_____
JAMES DONATO
United States District Judge